UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONTEZ JOHNSON, | ) | CASE NO. 1:12 CV 2597 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Dontez Johnson filed the above-captioned action against the United States of America pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2401 and 2675. Plaintiff, who is confined at the United States Penitentiary in Terre Haute, Indiana (USP Terre Haute), alleges he was injured by the negligent and wrongful acts committed by the Defendant. He seeks declaratory relief, as well as $10,000.00 in compensatory damages.

On November 5, 2012, Plaintiff filed a Motion for Temporary Restraining Order (TRO) pursuant to Federal Civil Rule 65(a). (Doc. No. 4.) He alleged USP Terre Haute has been serving him food to which he has a designated allergy. Unable to tolerate his reaction to these meals, Plaintiff alleges he is starving for food he can ingest.

Four days after filing the TRO, Plaintiff filed a letter in this Court which was construed as a Motion to Transfer this action. Without providing any details, he notes that a "claim" he recently filed in this Court was denied based on a "lack of jurisdiction."[1] As such, he now asserts this action was filed in the wrong district court. Plaintiff requests this Court transfer his Complaint to the United States District Court for the Eastern District of North Carolina, presumably before this action is dismissed as improperly venued.

*Background*

The series of events leading to this Complaint started at the Federal Correctional Center in Butner, North Carolina (F.C.C. Butner) when a female staff member accused Plaintiff of engaging in a lewd act. She reported him to Lt. Wright, who entered Plaintiff's cell on January 27, 2012. Plaintiff alleges Lt. Wright aggressively questioned whether he committed the lewd act. Asserting he would never disrespect a woman because of his Muslim beliefs, Plaintiff denied the officer's accusations.

Several other officers allegedly joined Lt. Wright in shouting disparaging remarks regarding Plaintiff's religion. After thrusting his arm through the food slot "to speak with the Lieutenant," Plaintiff was taken to a holding cell and stripped to his undergarments. He claims the officers on third shift physically assaulted him, while hurling racial slurs and threatening to impose additional injury if he ever performed a lewd act in the presence of a female staffer in the future. Wearing just his boxers and socks, Plaintiff was moved to a "hard cell . . . in freezing temperatures" that he found unbearable.

---

[1] Mr. Johnson may be referring to *Johnson v. Hooper, et al.*, No. 4:12-cv-01668 (N.D. Ohio), a civil rights Complaint he filed in this Court on June 27, 2012. Judge Sara Lioi dismissed the Complaint, in part, as improperly venued on October 29, 2012.

Although the warden and nurse both saw his physical injuries, Plaintiff claims they denied him medical treatment in retaliation for allegedly committing a lewd act. For two weeks, Plaintiff remained in "excruciating" pain without medical care. Eventually, Plaintiff claims he went on a hunger strike to secure medical treatment. Before receiving any care, however, Plaintiff was transported to the Federal Transit Center in Oklahoma. He does not state when he was admitted to USP Terre Haute.

Arguing the federal government used excessive force, Plaintiff now alleges his Eighth Amendments rights were violated. Without bringing formal charges against him based on any prison rule violation, Plaintiff argues the Respondent violated his rights under the First Amendment, as well. By failing to act to protect Plaintiff's rights, the federal government was negligent--- causing him physical injuries, pain and suffering. He does not state or suggest he exhausted his administrative remedies.

*Improper Venue*

If an action is improperly venued it shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter.

The Northern District of Ohio is not the proper venue for this action. The specific events of which the Plaintiff complains occurred in North Carolina. Even the issues Plaintiff raises in his TRO occurred at USP Terre Haute in Indiana. The TRO must otherwise be dismissed, however, because Plaintiff does not name any USP Terre Haute defendants in his Complaint nor has he established a basis for this Court's jurisdiction over the claims he raises in the TRO. Therefore, the

TRO is dismissed.

Because this tort action is against the United States, it may only be prosecuted in the judicial district where either the plaintiff resides or the acts complained of occurred. 28 U.S.C. § 1402(b). While Plaintiff was convicted in this Court of conspiracy to possess with the intent to distribute & distribution of crack cocaine base, *see United States v. Jones*, et al., No. 1:04-cr-00453 (N.D. Ohio), the Northern District of Ohio does not represent either the place where Plaintiff is incarcerated or where any relevant events took place. More importantly, the Complaint filed is not ripe for disposition and should be dismissed without prejudice for the reasons stated below.

*Federal Tort Claims Act*
*Failure to Exhaust*

The FTCA bars claimants from bringing suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency."); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir.1991) (same). There is no equitable exception to the jurisdictional prerequisites of the FTCA. *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.1982).

To the extent Plaintiff has any cognizable claim under the FTCA, he does not allege he attempted to conform to the administrative exhaustion requirement of the FTCA. Under this provision, Plaintiff should have filed a claim with the appropriate federal agency and waited for the claim to be denied before filing suit. Without exhaustion, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claims.

*Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. §1915A, but without prejudice based on Plaintiff's failure to exhaust his administrative remedies. Further, the Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                      s/ Christopher A. Boyko  
                                                     CHRISTOPHER A. BOYKO  
                                                     UNITED STATES DISTRICT JUDGE

DATED: December 5, 2012